IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL FERNANDEZ-TORRES,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

(CIVIL 14-01025 (DRD))
(CRIMINAL 07-00249 (DRD))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  PROCEDURAL BACKGROUND

Petitioner Manuel Fernandez-Torres and family members spent almost a decade profitably robbing armored cars and banks in Puerto Rico.  The success of their nefarious family enterprise began to unravel on June 15, 2007 with the arrest of petitioner and two others.  (Crim. No. 07-0249, Docket No. 1).  On August 22, 2007, petitioner, along with eight other defendants, more family members, were charged in a multi-count indictment with participating in a conspiracy to knowingly, willfully, intentionally and unlawfully obstruct, delay and affect commerce as that term is defined according to Title 18, United States Code, Section 1951 (b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), by unlawfully taking or obtaining property consisting of money in that defendants did, knowingly, intentionally and unlawfully take and  obtain property consisting of $40,000 from Banco Popular on February 26, 1998, robbery of $215,000 from Ranger American

(CIVIL 14-1025 (DRD)                    2
(CRIMINAL 07-0249 (DRD)

Armored Carrier on February 16, 1999, robbery of $180,913 from Banco Popular on August 16, 1999, robbery of $409,314 from Loomis Fargo & Co. on August 1, 2000, robbery of $35,811 from Banco Popular on March 10, 2003, robbery of $534,996 from Ranger American on May 19, 2003, $1,191,118 from Loomis on May 6, 2005, and $524,550 from Loomis on June 14, 2007 by means of actual and threatened force, violence, and fear of injury, immediate and future, in violation of Title 18, United States Code, Sections 1951(a) and 2. (Crim. No. 07-0249 -Docket No. 30 filed June 27, 2007). Petitioner and others were also charged in a second superceding indictment with knowingly and intentionally, aiding and abetting each other, in brandishing a deadly weapon, to wit handguns and an AK-47 type assault rifle, in furtherance of, or during and in relation to a crime of violence as the term is defined in Title 18, United States Code, Section 924(c)(3) to wit the obstruction and delay of commerce or the movement of any article or commodity in commerce, by robbery in violation of Title 18, United States Code, Section 1951(a), all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2. (Crim. No. 07-0249, Docket No. 94). A similar conspiracy count is also included in the indictment.

Petitioner entered a plea of not guilty before me on August 29, 2007. (Crim. No. 07-0249, Docket Nos. 106, 111).

(CIVIL 14-1025 (DRD)                        3
(CRIMINAL 07-0249 (DRD)

Petitioner proceeded to trial on April 13, 2009.  On the second day of trial, the parties announced plea agreements, and petitioner entered a plea of guilty to three counts of the second superceding indictment  on April 17, 2009, the last one being a forfeiture count.  (Crim. No. 07-0249, Docket No. 510).  Petitioner Manuel Fernandez-Torres pleaded guilty  to Count One,  Interference with commerce by threats or violence, Title 18 U.S.C.§ 1951 (a): Count Seven,  Brandishing firearms during and in relation to a crime of violence to writ the interference with commerce, Title 18 U.S.C. § 924(c)(1)(A)(ii) and 2, and Count Eight, the forfeiture allegation under  Title 18 U.S.C. § 981and 21 U.S.C. § 853. (Crim. No. 07-0249, Docket No. 704).

Petitioner moved to withdraw his guilty plea on April 30, 2010.  (Crim. No. 07-0249, Docket No. 632).  On August 24, 2010 the court denied the motion to withdraw. (Crim. No. 07-0249, Docket No. 686).  United States v. Torres, 733 F. Supp. 2d 328 (D.P.R. 2010).  Petitioner was sentenced September 20, 2010 to Forty-Eight (48) months as to Count One, and Sixty (60) months as to Count Seven, to be served consecutively with each other for a total term of imprisonment of One Hundred and Eight (108) months. (Crim. No. 07-0249, Docket No. 694). A notice of appeal was filed two days later.  On August 15, 2013, the court of appeals entered a judgment affirming the conviction.  It basically rejected petitioner's contentions and discerned no abuse of discretion in the district court's

(CIVIL 14-1025 (DRD)                              4
(CRIMINAL 07-0249 (DRD)

denial of petitioner's motion to withdraw his guilty plea. (Crim. No. 07-0249, Docket No. 775).

## II. MOTION UNDER 28 U.S.C. § 2255

This matter is before the court on motion of petitioner Manuel Fernandez Torres to vacate, set aside or correct judgment under 28 U.S.C. § 2255 filed on January 13, 2014.  (Docket No. 1).

Petitioner lists three claims: 1) that the waiver of appeal  contained in the plea agreement does not bar his collateral attack on his conviction and sentence; 2) that counsel was ineffective during the plea stages of the proceedings and at sentencing when he failed to advise petitioner that he could not be subject to restitution, and then failed to object to the restitution order where the plea agreement was devoid of any restitution agreement; 3) that both trial and appellate counsel failed to challenge the second superceding indictment on the grounds that Count Seven failed to state an offense within the meaning of 18 U.S.C. §924(c), and charged two different theories of prosecution corresponding to two different offenses of which none was charged in the indictment. (Docket No. 1-1 at 11-12).  Petitioner seeks an expedited disposition because he has a release date of April 16, 2014[1] and a possible early release date to a halfway house center

---

[1]Petitioner's release date is actually April 16, 2015.

1  (CIVIL 14-1025 (DRD)                              5

2  (CRIMINAL 07-0249 (DRD)

3

4  for October 16, 2014.[2]  (Docket No. 1-1 at 34).   He notes that he will probably

5
   complete his 108 month sentence including the illegal 60-month sentence.  He
6

7  seeks immediate release and the vacating of the restitution order as well as the

8  dismissal of Count Seven for failure to state an offense.

9
        The government argues in its response that petitioner is barred from
10

11 challenging a restitution order in a motion under §2255, and that this part of his

12 claim should be dismissed.  See Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010);

13 United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999). (Docket No. 9).  It
14
   also argues that the adequacy of his knowledge of the consequences of his guilty
15

16 plea was not only covered extensively in the hearing before the district court but

17 also considered by the court of appeals on direct review.  Indeed the government
18
   quotes from petitioner's appellate brief   reflecting that petitioner's current
19

20 argument was considered and rejected by the court of appeals.  The government

21 argues that Fernandez's claim that counsel's failure to note the defect in the

22
   indictment lacks merit because later on in Alleyne v. United States, 570 U.S. ___,
23

24 133 S. Ct. 2151, 2162 (2013), the Supreme Court held that "brandishing"is an

25 element of a §924 (c) offense rather than a sentencing factor because it elevates

26 the mandatory minimum from 5 to 7 years.

27

28  _____

        [2]Petitioner has been in custody since June 15, 2007.

(CIVIL 14-1025 (DRD)                                    6
(CRIMINAL 07-0249 (DRD)

    Petitioner filed a reply to the response on June 9, 2014.   Fernandez-Torres stresses that he is not challenging the restitution order or arguing that he is entitled to a reduction of restitution as did the defendant in Smullen v. United States, 94 F. 3d 20, 26 (1st Cir. 1996).  Rather, petitioner argues that counsel was ineffective when he failed to advise that he will be subject to restitution and failed to object to the restitution order at sentencing where: (1) the plea agreement is devoid of any restitution agreement; (2) counsel knew that the court did not address the issue of restitution during the plea colloquy; and (3) counsel was aware that the moneys from the June 14, 2007 robbery of the armored truck were recouped by the victim, and therefore the court had no jurisdiction to impose restitution for the moneys that been recouped. (Docket No. 10 at 2).   In this regards, counsel failed to object to the imposition of restitution for losses that were not caused by the specific conduct that is the basis of the offense of conviction. Counsel failed to argue that the district court had no jurisdiction to impose restitution for losses that were recouped by the victim.   Petitioner argues that he is only accountable for the incident of June 14, 2007 regarding the robbery of the armored vehicle at Banco Popular of Puerto Rico.  He cannot be held accountable for the prior robberies since he was custody at the time these incident occurred, and which were allegedly perpetrated by his siblings.  (Docket No. 10 at 2). Petitioner stresses that the restitution order has placed an unnecessary burden on

(CIVIL 14-1025 (DRD)                                      7
(CRIMINAL 07-0249 (DRD)

him.   He argues that an additional burden has been placed upon him for his failure

to participate in the Inmate Financial Responsibility Program (IFRP), that is, he has

failed to adhere to the Bureau of Prisons fabricated payment schedule to pay

restitution where the district court did not make a schedule.  He stresses that this

is a voluntary program and he can not be forced to participate in it.  See United

States v. Boyd, 608 F.3d 331, 335 (7th Cir. 2010).  (Docket No. 10 at 4). He also

complains that he has been denied the six month early release placement in a

halfway house program customarily afforded other prisoners.   He considers the

voluntary program extortion.

Petitioner argues that the government is attempting to confuse the court and

divert its attention to unrelated matters.  (Docket No. 10 at 7).   Petitioner notes

that in the direct appeal,  attorney Carlos A. Vazquez-Alvarez raised two issues: (1)

"whether the indictment failed to provide fair notice of the charges alleged against

the defendant"; and (2) "whether defendant's plea of guilty was made knowingly,

voluntarily, and intelligently".   Petitioner stresses that none of these issues

included that count seven of the second superseding indictment failed to state an

offense within the meaning of 18 U.S.C. § 924, or that the district court entered a

judgment for an offense not charged in the indictment, or that the district court had

no jurisdiction to impose a sentence on count seven, and much less that counsel

was ineffective for failing to note and challenge the jurisdictional defect in count

(CIVIL 14-1025 (DRD)                    8
(CRIMINAL 07-0249 (DRD)

seven of the indictment and allowed petitioner to enter a guilty plea to an offense

not charged in the indictment. Thus, petitioner argues that the issues regarding

ineffective assistance of counsel have no relation to what appellate counsel brought

up on appeal. (Docket No. 10 at 7).  As to petitioner's claim that  his attorneys

were ineffective for failing to object to a purported deficiency in Count Seven

(claiming that  a defendant cannot be charged with aiding and abetting the

"brandishing"of a firearm because "brandish is  not an indictable offense with the

meanings of §924(c)" (Docket No. 1-1 at 23)), the government disagrees and

further notes that treatment by the court of appeals of this matter defeats

petitioner's collateral challenge.    Fernandez-Torres argues that "the failure to

explicitly include the statutory element of "Possession"in the indictment was fatal

in this case because its absence cannot be deduced from the use of the word

'brandish' and therefore count Seven fails to state an offense.

Petitioner also disagrees with the government's position on the portent of

Alleyne, 570 U.S. _____, 133 S. Ct. 2151.  He argues that while it is true that the

Supreme Court recognized "brandishing"as a element of §924 (c), this does not

cure the error in count seven of the indictment because : (a) Fernandez-Torres was

sentenced prior to  Alleyne, 570 U.S. _____, 133 S. Ct. 2151; (b) In Alleyne, 570

U.S. _____, 133 S. Ct. 2151, the Supreme Court merely extended the protection of

Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) to factors that raise

(CIVIL 14-1025 (DRD)                    9
(CRIMINAL 07-0249 (DRD)

the minimum mandatory, but this does not make "brandishing" an indictable offense

by itself; (c) Alleyne, 570 U.S. _____, 133 S. Ct. 2151 is not retroactive to collateral

review, is not for the benefit for the petitioner, and likewise is not to benefit the

government; (d) section 924(c) lists only two indictable offenses: (1) using or

carrying a firearm during and in relation to a crime of violence or drug trafficking

offense; and (2) possession of a firearm in furtherance of a crime of violence, or

drug trafficking offense.  Brandishing, while it has to be charged in the indictment

following Alleyne, 570 U.S. _____, 133 S. Ct. 2151, it is still a sentencing

enhancement that merely raises the minimum term from 5 to 7 years when

charged in conjunction with any of the two indictable offenses under §924(c),

but cannot constitute an indictable offense by itself. (Docket No. 10 at 9).

Petitioner argues that during the plea colloquy this court noted the variance

between the indictment and the plea agreement and acknowledged that Fernandez

was not charged with possession but rather with "brandishing", which is not a per

se offense.  The court arguably went on to commit an error of law by addressing

Fernandez telling him that he was charged with possession of a firearm, when the

indictment made no such allegation and the court had just admitted that it did not.

This is the equivalent of making a constructive amendment to the indictment by the

court, or violation of Federal Rule of Criminal Procedure 11, by giving the defendant

1 (CIVIL 14-1025 (DRD)                                    10
2 (CRIMINAL 07-0249 (DRD)

3

4 the incorrect description and explanation of the offense charged in the indictment.

5 (Docket No. 10 at 10-11).
6

7                                  III.  DISCUSSION

8       Under section 28 U.S.C. § 2255, a federal prisoner may move for post
9 conviction relief if:
10

11             the sentence was imposed in violation of the
               Constitution or laws of the United States, or that the
12             court was without jurisdiction to impose such sentence,
               or that the sentence was in excess of the maximum
13             authorized by law, or is otherwise subject to collateral
               attack . . . .
14

15 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S. Ct.
16
   468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).   A
17
   cognizable section 2255 claim must reveal "exceptional circumstances" that
18
19 make the need for redress evident.  David v. United States, 134 F.3d at 474

20 (citing Hill v. United States, 368 U.S. at 428, 82 S. Ct. 468).
21
22       "[A] § 2255 motion may be denied without a hearing as to those
23 allegations which, if accepted as true, entitle the movant to no relief, or which
24
   need not be accepted as true because they state conclusions instead of facts,
25
26 contradict the record, or are 'inherently -incredible.'"  United States v. McGill, 11

27 F.3d 223, 226 (1st Cir. 1993) (citing Shraiar v. United States, 736 F.2d 817, 818
28 (1st Cir. 1984)); see Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir.

(CIVIL 14-1025 (DRD)                     11
(CRIMINAL 07-0249 (DRD)


1992); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978); see also Rule

4(b), Rules Governing Section 2255 Proceedings.  "[D]efendants bear the

burden of establishing by a preponderance of the evidence that they are entitled

to relief.  …  This includes the burden of showing that they are entitled, if they

claim it, to an evidentiary hearing."  United States v. DiCarlo, 575 F.2d at 954

(citing Coon v. United States, 441 F.2d 279, 280 (5th Cir. 1971)).

The Constitution's Sixth Amendment guarantees criminal defendants the

right to effective assistance of counsel; but this should not be construed as

meaning that defendants are guaranteed a "letter-perfect defense or a

successful defense.…" Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)

(citing United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)).  "[N]ot

every lawyerly slip constitutes ineffective assistance of counsel for Sixth

Amendment purposes." Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999).

The familiar two-part test for constitutionally ineffective assistance of counsel

was set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052

(1984); see also Smullen v. United States, 94 F.3d at 23; Knight v. United

States, 37 F.3d 769, 774 (1st Cir. 1994).  Under  the test of Strickland v.

Washington, 466 U.S. 668, 104 S. Ct. 2052, petitioner Fernandez-Torres has the

burden of showing that (1) counsel's performance fell below an objective

standard of reasonableness, and (2) there is a reasonable probability that, but

(CIVIL 14-1025 (DRD)                    12
(CRIMINAL 07-0249 (DRD)

for counsel's error, the result of the proceedings would have been different.

Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010) (quoting Strickland v.

Washington, 466 U.S. at 688, 104 S. Ct. 2052): see Argencourt v. United

States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir.

1994); Lema v. United States, 987 F.2d at 51; López-Nieves v. United States,

917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at

687, 104 S. Ct. 2052).  There is no doubt that two-part test also applies to

representation outside of the trial setting, which would include sentence and

appeal.  See Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366 (1985); Bonneau

v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini,

945 F.2d 458, 468-69 (1st Cir. 1991), abrogated on other grounds by Roe v.

Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000); cf. Panzardi-Álvarez v.

United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States,

876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by Bonneau v. United

States, supra.

In order to satisfy the first-prong of the aforementioned test, petitioner

Fernandez-Torres "must show that 'in light of all the circumstances, the

identified acts or omissions [allegedly made by his trial attorney] were outside

the wide range of professionally competent assistance.'" Tejeda v. Dubois, 142

F.3d 18, 22 (1st Cir. 1998) (citing Strickland v. Washington, 466 U.S. at 690,

(CIVIL 14-1025 (DRD)                              13
(CRIMINAL 07-0249 (DRD)

104 S. Ct. 2052).  Petitioner Fernandez-Torres must overcome the "strong

presumption that counsel's conduct falls within the wide range of reasonable

professional assistance."  <u>Smullen v. United States</u>, 94 F.3d at 23 (citing

<u>Strickland v. Washington</u>, 466 U.S. at 689, 104 S. Ct. 2052).  Finally, a court

must review counsel's actions deferentially, and should make every effort "to

eliminate the distorting effects of hindsight."  <u>Argencourt v. United States</u>, 78

F.3d at 16 (citing, <u>Strickland v. Washington</u>, 466 U.S. at 689, 104 S. Ct. 2052);

<u>see also</u> <u>Burger v. Kemp</u>, 483 U.S. 776, 789, 107 S. Ct. 3114 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective

assistance [of counsel] claim[,] also presents a high hurdle.  'An error by

counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment.'"

<u>Argencourt v. United States</u>, 78 F.3d at 16 (citing <u>Strickland v. Washington</u>,

466 U.S. at 691, 104 S. Ct. 2052).  Thus, petitioner Fernandez-Torres must

affirmatively "prove that there is a reasonable probability that, but for [his]

counsel's errors, the result of the proceeding would have been different."

<u>Knight v. United States</u>, 37 F.3d at 774 (citing <u>Strickland v. Washington</u>, 466

U.S. at 687, 104 S. Ct. 2052).

(CRIMINAL 07-0249 (DRD)

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defense."  U.S. Const. amend. 6.   The right to counsel is "the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441 (1970), citing, among others, Powell v. Alabama, 287 U.S. 45, 57, 53 S. Ct. 55, 55-60 (1932).  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984).  With these principles in mind, I consider the grounds raised in the motion seeking relief, mindful that petitioner is entitled to have his pleadings reviewed  under a lesser pleading standard.  See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded,  than those penned and filed by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Campuzano v. United States, 976 F. Supp. 2d 89, 97 (D.P.R. 2013);  Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009) at *1. Petitioner's pleadings can hardly be considered inartfully crafted.  Nevertheless, petitioner's pro se status does not excuse him from complying with both procedural and substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890

(CIVIL 14-1025 (DRD)                    15
(CRIMINAL 07-0249 (DRD)


(1st Cir. 1997); <u>Boudreau v. Englander</u>, 2009 WL 2602361 (D.N.H. Aug. 24, 2009) at *1.

A. RESTITUTION and EFFECTIVE ASSISTANCE

Petitioner's complex argument is that 1) restitution is not part of the plea agreement; 2) he should be held responsible for restitution for only one robbery but restitution was already made to that victim for that robbery, and he was in prison during the commission of the other robberies, and 3) his attorney's performance in relation to the restitution falls below an acceptable standard of effective assistance. Notwithstanding petitioner's argument, petitioner was an indigent at the time of sentencing and had no prospects of being able to comply with the order of restitution order. But more importantly, the restitution is an intricate part of the appeal and resolved against petitioner. That defense counsel did not succeed in attacking successfully the restitution order does not satisfy the cause and prejudice formula of <u>Strickland v., Washington</u>, 466 U.S. 668, 104 S. Ct. 2052. The court was almost liberal in weighing sentencing factors and noted how the plea agreement favored petitioner in all of its factors. Ultimately, the matter of counsel's performance results in a non-issue vis-a-vis petitioner's confinement since regardless of the terms of restitution, there would be no effect on petitioner's custody. Therefore, the issue does not invite

(CIVIL 14-1025 (DRD)                                    16
(CRIMINAL 07-0249 (DRD)

consideration at the level of the Sixth Amendment right to effective assistance

of counsel.

The First Circuit has held that a criminal defendant, who is in custody,

cannot "collaterally challenge the restitution order imposed as a part of his

sentence"under §2255. Smullen v. United States, 94 F.3d 20, 26 (1st Cir.

1996); see also  Rodriguez v. United States, 132 F.3d 30 (1st Cir. 1997)

(unpublished opinion) (citing Smullen v. United States, supra "(holding that a

claim that defendant is entitled to a reduced restitution order falls outside the

scope of §2255)".  Because a restitution claim has nothing to do with the status

of being in custody, and consequently has even less to do with being released

from custody, a claim regarding the illegality of restitution dressed in ineffective

assistance of counsel argument is clearly outside the scope of a motion under

section 2255.

At the sentencing hearing, the judge described how the plea agreement

understated several factors, thus favoring petitioner.  (Petitioner was later

described as a three-time offender.)  For example, the criminal history came

out higher than in the plea agreement but the judge followed the plea

agreement. (Crim. No. 07-249, Docket No. 703 at 5).   The court noted that the

amount of restitution was not covered in the plea agreement and explained that

petitioner was being sentenced equally with other co-defendants when it came

(CIVIL 14-1025 (DRD)                          17
(CRIMINAL 07-0249 (DRD)

to restitution because the court wanted to avoid the perception of repercussion

for his attempting to withdraw the guilty plea.  (Crim. No. 07-249, Docket No.

703 at 7).  The court felt married to a restitution amount of $315,424.27

because the number one defendant was given that amount.  (Crim. No. 07-249,

Docket No. 703 at 13).  Petitioner made it clear he did not have the means to

pay restitution.  Counsel proffered that a payment plan should be devised at

some point.  (Crim. No. 07-249, Docket No. 703 at 14).  But the court made

clear that petitioner participated in a $3,000,000 robbery and that petitioner

admitted participation in the version of facts at the plea hearing.

Finally, the court imposed restitution pursuant to the provisions of 18

U.S.C. § 36[6]3[3].  Payment was not ordered forthwith. (Crim. No. 07-249,

Docket No. 703 at 21).  Restitution was ordered in the amount of $315, 424.27,

joint and severally.  Simple arithmetic strips away any mystery about the

origins of the amount.  See United States v. Salas-Fernandez, 620 F.3d at 48.

No time limit was given in order to pay the restitution.   Nor does United States

v. Boyd, 608 F.3d 331, supra, apply since the trial judge did not order that

restitution be made through the IFRP, although petitioner feels to the contrary.

---

[3]I assume the reference to 18 U.S.C. § 3653 is a mistake, since 18 U.S.C.
§ 3663 concerns the treatment of orders of restitution.  Cf. United States v. Salas-
Fernandez, 620 F.3d 45, 48 (1st Cir. 2010).

CIVIL 14-1025 (DRD)                        18
(CRIMINAL 07-0249 (DRD)


### B.  BRANDISH v. POSSESS and EFFECTIVE ASSISTANCE

The complex manner in which petition presents the conflict between

brandishing and possession is relegated to the same fate of the restitution issue

because it too was considered by the court of appeals and discarded.  The court

was presented with a lengthy transcript of the hearings held by the district

court on the motion to withdraw plea and ultimately entered judgment against

petitioner.  Even looking at this issue through the prism of the Sixth

Amendment does not invite a remedy, again, because there is neither cause

nor prejudice. Even though 'brandishing' is not considered an indictable offense

within the meanings of §924(c), the correct term should have been

'possession', this "error" does not constitute a fatal flaw.   The plain error

standard requires this court to "find [1] that there is error [2] that is plain and

[3] that affects substantial rights. When these three elements are satisfied, an

appellate court may exercise its discretion to correct the error..  only if the

forfeited error seriously affects the fairness, integrity or public reputation of

judicial proceedings." U.S. v. Rodriguez, 525 F.3d 85, 95 (1st Cir.2008) quoting

United States v. Epstein, 426 F.3d 431, 437 (1st Cir.2005).  In this case the

three elements are not met.  However, the court was aware of the error

between the charge and the evidence and graced petitioner with the benefit,

imparting the minimum sentence in relation to the § 924(c) charge because of

(CIVIL 14-1025 (DRD)                    19
(CRIMINAL 07-0249 (DRD)

the foreseeability of the possession of weapons in the robberies.

Nevertheless, the matter was disposed of on appeal, and regardless of the Sixth

Amendment focus employed by petitioner, evening assuming that counsel's

performance fell below an objective standard of reasonableness, there was no

prejudice since the charge not only passed appellate muster but could have

been subject to a superceding indictment and was not.[4]  Clearly, when a federal

prisoner raises a claim that has been decided on direct review, he ordinarily

cannot attempt to relitigate the claim in a section 2255 motion.  Withrow v.

Williams, 507 U.S. 680, 720-21, 113 S. Ct. 1745 (1993); Berthoff v. United

States, 308 F.3d 124, 127-28 (1st Cir. 2002); Argencourt v. United States, 78

F.3d at 16 n.1; Singleton v. United States, 26 F.3d at 240; Campuzano v.

United States, 976 F. Supp. 2d at 119; Rodriguez v. Martinez, 935 F. Supp. 2d

389, 407 (D.P.R. 2013).  The court of appeals deemed the argument waived

because it was not raised with the court below.    However, the court reviewed

the record and found no abuse of discretion in the court's denying petitioner's

motion to withdraw the guilty plea, therefore affirming the conviction and

sentence.

_____

[4]Petitioner raised the issue that the waiver of appeal  contained in the plea agreement does not bar his collateral attack on his conviction and sentence.  This will not be discussed since I consider the matter moot by this recommendation and because the government has not argued against the proposition. Nor did the district court address the matter at sentencing.

(CIVIL 14-1025 (DRD)                              20
(CRIMINAL 07-0249 (DRD)

IV.  CONCLUSION

Petitioner Manuel Fernandez Torres has demonstrated neither objectively ineffective assistance of counsel nor prejudice.   But even assuming that counsel's performance was defective under an objective standard of reasonableness, the result would have been no different in relation to his custody.   The relief sought is extraordinary in nature, and petitioner has a high hurdle to establish the right to relief.  His defense was not perfect and errors are easily discovered after the fog of conflict.  But one of the points raised is foreign to § 2255[5] relief and the other issue, considered and disposed of on appeal, boils down to an error more of form than of substance.  Petitioner does not have the right to be released because his attorney may have not attacked the restitution order[6], nor noticed the  § 924 (c) error. The sentence does not reveal a fundamental defect which, if uncorrected, will result in a complete miscarriage of justice.  David v. United States, 134 F.3d at 474 (citing Hill v. United States, 368 U.S. at 428, 82 S. Ct. 468) (internal quotations omitted);

---

[5]Title 28 U.S.C. § 2255(a) reads as pertinent: "A prisoner in custody under sentence of a court established by Act of Congress **claiming the right to be released** upon the ground that the sentence was imposed in violation of the Constitution or laws . .  .."(my emphasis).  See United States v. Chorney, 453 Fed. Appx. 4,  2011 WL 6823200 at *8 (1st Cir. 2011); United States v. Kelly, 2014 WL 235213 at *7 (D. Me. Jan. 22, 2014).

[6]See 18 U.S.C. § 3664.

(CIVIL 14-1025 (DRD)                    21
(CRIMINAL 07-0249 (DRD)

<u>Barreto-Rivera v. United States</u>, 887 F. Supp. 2d 347, 352 (D.P.R. 2012).

Therefore,  I recommend that petitioner's motion brought under 28 U.S.C. §

2255 be DENIED without an evidentiary hearing.[7]

    Based upon the above, I also recommend that no certificate of

appealability be issued in the event that petitioner files a notice of appeal,

because there is no substantial showing of the denial of a constitutional right

within the meaning of Title 28 U.S.C. § 2253(c)(2). <u>Miller-El v. Cockrell</u>, 537

U.S. 322, 336-38, 123 S. Ct. 1029 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473,

484, 120 S. Ct. 1595 (2000); <u>Lassalle-Velazquez v. United States</u>, 948 F. Supp.

2d 188, 193 (D.P.R. 2013).

    Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico,

any party who objects to this report and recommendation must file a written

objection thereto with the Clerk of this Court within fourteen (14) days of the

party's receipt of this report and recommendation.  The written objections must

specifically identify the portion of the recommendation, or report to which

objection is made and the basis for such objections.  Failure to comply with this

rule precludes further appellate review.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155,

106 S. Ct. 466 (1985); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d

---

[7]Armando Torres Ruta, a first-year student at Interamerican School of Law, provided assistance in researching and preparing this report and recommendation.

(CIVIL 14-1025 (DRD)                    22
(CRIMINAL 07-0249 (DRD)


554, 564 (1st Cir. 2010);  Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir.

1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985

(1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st

Cir. 1987);  United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982;

Wallace v. State of New Hampshire, 2010 WL 520904 at *2 (D.N.H. Feb. 9,

2010).

       In San Juan, Puerto Rico, this 23d day of July, 2014.


                                  S/JUSTO ARENAS
                            United States Magistrate Judge