## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MANUEL FERNANDEZ-TORRES**
Petitioner

v.                                                          **Civil No.** 14-1025 **(DRD)**

**UNITED STATES OF AMERICA**
Respondent

### OPINION & ORDER

Pending before the Court is Petitioner Manuel Fernandez-Torres' *Supplemental Motion to Vacate, Set Aside, or Correct* the sentence imposed in criminal case 3:07-cr-249 in light of the decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). *See* Docket No. 25. For the reasons provided below, the Court **DENIES** Petitioner's Motion (Docket No. 25).

### I.    PROCEDURAL BACKGROUND

On August 22, 2017, Manuel Fernandez-Torres ("Petitioner") and several co-defendants were charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and aiding and abetting in the brandishing of a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c) ("Count Seven"). *See* 07-cr-249 at Docket No. 94.

Trial commenced on April 13, 2009. However, on April 17, 2009, Petitioner decided to plead guilty pursuant to an agreement with the United States of America ("Respondent"). Petitioner pled guilty Counts One and Seven of the Indictment: conspiracy to commit a Hobbs Act robbery and aiding and abetting in the brandishing of a firearm in furtherance of a "crime of violence." *See id.* at Docket No. 505. On September 20, 2010, Petitioner was sentenced to forty-eight (48) months for Count One and sixty (60) months for Count Seven, to be served consecutively, and was also ordered to pay restitution in the amount of

$315,424.27. *Id.* On August 16, 2013, the First Circuit affirmed Petitioner's sentence. *See id.* at Docket No. 775.

On January 13, 2014, Petitioner filed a *Motion to Vacate, Set Aside or Correct Sentence* alleging, *inter alia*, that his counsel at the trial level had been ineffective. *See* Docket No. 1. On July 22, 2016, the Court denied Petitioner's motion. *See* Docket No. 19. On June 21, 2016, prior to the Court's ruling on Petitioner's Motion to Vacate, Petitioner sought leave to supplement his original petition pursuant to the Supreme Court's ruling in *Johnson v. United States*. See Docket No. 15. The Court granted Petitioner's motion and instructed counsel for Petitioner to amend Petitioner's *pro se* supplemental motion. *See* Docket No. 23.

On December 28, 2016, Petitioner filed his amended *Supplemental Motion*. See Docket No. 25. Petitioner argued of 18 U.S.C. § 924(c)'s residual clause is virtually identical to the statutory provision the court held was unconstitutionally vague in *Johnson v. United States*. Petitioner then averred that, because a Hobbs Act robbery can be accomplished by merely placing someone in fear of injury to his person or property and without actual violent force or threat of violent force, the Court should hold that Section 924(c) is, too, unconstitutionally vague.

On January 27, 2017, the Government responded to Petitioner's motion. The Government clarified that *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that *Johnson* applies retroactively, does not apply to Petitioner's motion as Petitioner is not seeking relief pursuant to *Johnson* but is using the Supreme Court's reasoning in *Johnson* to argue that Section 924(c) is unconstitutional. The Government posits the Court should not extend the holding in *Johnson* and *Welch* to Petitioner' sentence under Section 924(c).

## II.    ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following by a preponderance of the evidence: (i) "the sentence was imposed in

violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Petitioner's motion does not fall under any of the four categories.

Petitioner is asking the Court to overstep its authority at this juncture. In doing so, Petitioner cites *Welch*, which held that the recent decision in *Johnson* "is thus a substantive decision and so has retroactive effect under . . . in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson*, in turn, held the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id*. at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id*. at 2254. Petitioner extrapolates that these two holdings apply to his conviction under Section 924(c) for aiding and abetting in the brandishing of a firearm in furtherance of a crime of violence; in this case, a Hobbs act robbery.

Petitioner's argument has one fatal flaw. The holding of *Welch* is a narrow one and is meant to provide a remedy to those convicted solely under the ACCA's residual clause. *Welch* at 1264 (resolving the "narrow question" of whether the Court of Appeals erred in denying a certificate of appeal ability to Petitioner's argument that Johnson applied retroactively). Moreover, and although they have yet to rule on this issue on direct appeal, the First Circuit has declined a petitioner's application to file a second successive §2255 motion where the petitioner was arguing that *Johnson*'s holding applied to convictions under Section 924(c). *See Turner v. United States*, Appeal No. 16-1145. First Circuit *dictum* also supports the conclusion made today that "*Welch* did not answer any question currently applicable to [a case brought under Section 924(c)]." *United States v. Martinez–Armestica*, 846 F.3d 436, 438 n.1 (1st Cir. 2017).

Therefore, Petitioner is unable to collaterally attack his sentence pursuant to *Johnson* because, at the time of his sentence and as of today, Section 924(c)'s residual clause is constitutional. See 18 U.S.C. § 924(c)(3)(B)(providing that a "crime of violence" under Section 924(c) is one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

Nevertheless, even if the Court were to assume, *arguendo*, that *Johnson* held Section 924(c)'s residual clause is unconstitutionally vague, district courts in this Circuit have consistently held that Petitioner's Hobbs Act robbery[1] charge is a crime of violence under the force clause of Section 924(c). See § 924(c)(3)(A)(Providing that a crime of violence is a felony offense which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."); *see also Chasse v. United States*, 2016 WL 4926154, at *5 (D.N.H. 2016)("I conclude that federal bank robbery "has as an element the use, attempted use, or threatened use of physical force," and thus qualifies as a crime of violence within the meaning of § 924(c)'s force clause."); *Craig v. United States*, 2016 WL 5874965, at *5 (D. Me. 2016)("[Petitioner's] argument was recently considered and rejected in this District . . .[f]or the reasons thoughtfully outlined in that decision, this Court rejects Craig's argument concerning Count Two."); *and United States v. Rachal*, 2016 WL 7165712, at *2 (D. Mass. Dec. 7, 2016)(Thus, even assuming, *arguendo*, that the residual clause in § 924(c)(3)(B) is unconstitutional, bank robbery is an adequate predicate crime for a charge of using a firearm during and relation to a crime of violence."); *but see United States v. Hernandez*, 2017 WL 111730, at *11 (D. Me. Jan. 11, 2017)("Because I hold that the residual

---

[1] The Hobbs Act robbery statute reads, in relevant part, that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). Robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." § 1951(b)(1).

clause under § 924(c) is constitutional after *Johnson II*, I easily conclude that the Hobbs Act conspiracy count is a crime of violence under the residual clause."). Moreover, those Circuit Courts who have been faced with Petitioner's argument have all held that Johnson did nothing to alter the applicability of Section 924(c). *See United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam); *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

The Court sees no compelling reason to deviate from the path our sister courts have followed, particularly in light of the fact that Petitioner was convicted of brandishing a firearm during the robbery of an armored vehicle. Specifically, in his plea agreement, Petitioner accepted having been a member of a conspiracy to commit armed robberies. *See* 09-cr- 249, Docket No. 511 at 15. Petitioner also admitted to having participated in the robbery of the Loomis Fargo armored truck on June 14, 2007, during which handguns and an AK-47 assault trifle were brandished. *Id*. To argue that an armed Hobbs Act robbery is not a crime of violence under Section 924(c)'s force clause is to beg the Court to rule nonsensically. *See United States v. Zhen Zhou Wu*, 711 F.3d 1, 15 (1st Cir. 2013)("A defendant 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'").[2]

### III.    CONCLUSION

For all the reasons discussed above, this Court **DENIES** Petitioner's *Supplemental Motion to Vacate, Set Aside, or Correct* sentence.  *See* Docket No. 25.

---

[2] Petitioner noted that some Circuit Courts have recently found 18 U.S.C. § 16(b) is unconstitutionally vague and, because of the similarity in the language of both statutes' residual clauses, Section 924(c)(3)(B) should be held equally unconstitutional. However, "it is possible to distinguish between § 16(b) and § 924(c) on the basis that § 924(c), unlike the ACCA or § 16(b), is a criminal statute requiring a conviction by a jury rather than a retrospective determination of crime-of-violence status by a district court or immigration judge." *United States v. Correia*, 2017 WL 80245, at *2 (D. Mass. 2017)(citing *Shuti v. Lynch*, 828 F.3d 440, 449-50 (6th Cir. 2016)). The Court, thus, declines to follow what appears to be flawed logic employed by those who equate Section 924(c) and Section 16(b).

The Court orders that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c) (2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 6th day of March, 2017.

S/ DANIEL R. DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge